1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10
11   DENISE M. CURTIS,                )        EDCV 16-1433 AGR
                                      )
12              Plaintiff,            )
                                      )
13        v.                          )        MEMORANDUM OPINION AND ORDER
                                      )
14   NANCY A. BERRYHILL, Acting       )
     Commissioner of Social Security, )
15                                    )
                Defendant.            )
16   _____)

17
18       Plaintiff filed this action on July 1, 2016.  Pursuant to 28 U.S.C. § 636(c), the

19   parties consented to proceed before the magistrate judge.  (Dkt. Nos. 11, 12.)  On April

20   20, 2017, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.

21   The court has taken the matter under submission without oral argument.

22       Having reviewed the entire file, the court reverses the decision of the

23   Commissioner and remands for reconsideration of Dr. Proshkina's opinions for the

24   period beginning October 1, 2013.

25
26
27
28

# I.

# PROCEDURAL BACKGROUND

On March 15, 2013, Curtis filed an application for disability insurance benefits and alleged an onset date of July 27, 2010. Administrative Record ("AR") 31. The application was denied initially and on reconsideration. AR 31, 92, 105. Curtis requested a hearing before an Administrative Law Judge ("ALJ"). On December 2, 2014, the ALJ conducted a hearing at which Curtis and a vocational expert testified. AR 47-80. On January 9, 2015, the ALJ issued a decision denying benefits. AR 28-42. On April 13, 2016, the Appeals Council denied the request for review. AR 10-15. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B.    The ALJ's Findings

The ALJ found that Curtis met the insured status requirements through December 31, 2015.  AR 33.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Curtis had the severe impairments of degenerative disk disease, obesity, degenerative joint disease and diabetes mellitus.  AR 33.

The ALJ found that Curtis had the residual functional capacity ("RFC") to perform light work except that she can stand and walk for two hours in an eight-hour workday; occasionally perform postural activities; occasionally reach overhead with right upper extremity; occasionally push and pull bilaterally; and requires a cane for ambulation. She cannot climb ladders, ropes or scaffolds; and must avoid hazards and concentrated exposure to vibration and temperature extremes.  AR 35.  She is capable of performing past relevant work as a customer service representative, documentation specialist and eligibility specialist, all of which are categorized as sedentary work.  AR 41-42.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

## C. Treating Physician

Curtis contends the ALJ erred in evaluating the opinion of her treating physician, Dr. Proshkina.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

On October 1, 2013, Dr. Proshkina examined Curtis and noted localized swelling, gait disturbance, loss of balance, and positive straight leg raising bilaterally. AR 399-400. She also noted neuropathy with two bruised toes on the left foot.[2] AR 400. Dr. Proshkina opined that Curtis must use a cane to ambulate and had to be able to shift position at will. Curtis could sit up to two hours at a time and stand/walk less than two hours in an eight-hour workday. She could lift less than ten pounds and was precluded from bending or twisting at the waist. AR 393-94.

---

[2] Dr. Proshkina diagnosed diabetic peripheral neuropathy and subcutaneous ecchymosis in April 2013. She noted new onset purple discoloration of the metatarsal phalangeal joint of the left fifth toe and tenderness with palpation of the fifth and fourth metatarsal bones of the left foot. AR 318-19. Dr. Proshkina advised Curtis to use an ice pack and elevate the left foot to prevent discomfort in the toes. AR 318. X-rays indicated moderate degenerative changes of the midfoot. AR 365.

The ALJ gave very little weight to this opinion because it was inconsistent with the objective medical evidence with respect to any continuous period of at least 12 months.  AR 40.

The ALJ's reason for discounting Dr. Proshkina's opinion is not supported by substantial evidence for the period beginning October 1, 2013.[3]  Not long before Dr. Proshkina's examination, Dr. Kumar noted that Curtis complained of aching pain across the upper back and stabbing pain across the lower back in June 2013.  Dr. Kumar observed that Curtis' station and gait were inhibited by pain, and her right back was tender.  AR 396-97.  In September 2014 Dr. De La Torre noted tenderness diffusely over the entire spine and noted his examination was limited due to pain.  Curtis complained of back pain radiating down her right leg.  Dr. De La Torre increased her medication.  AR 420-21.  In October 2014, Dr. Simons noted pain with weight bearing on the right leg, tenderness over the cervical spine with limited range of motion, and tenderness/pain over the entire lumbar spine.  AR 423-24.  In October 2014, computed radiography ("CR") of the cervical spine indicated severe degenerative disc disease with probable fusion at C4-C5 and advanced decreased disc spacing at C3-C4, C5-C6 and C6-C7.  AR 433.  In November 2014, a CR of the lumbar spine indicated scoliosis and degenerative changes in the form of osteophyte formation and narrowing of all disc spaces.  AR 431.  The previous MRI of the lumbar spine in July 2010 had already indicated severe multilevel degenerative disc disease and spondylosis.  Severe central canal narrowing was present at L2-L3, L3-L4 and L4-L5.  AR 369-70.

---

[3] Before that time period, the ALJ properly discounted Dr. Proshkina's opinion based on inconsistencies in the objective evidence and Curtis' own testimony.  Curtis testified that she looked for work as a secretary or receptionist in 2010-2012 "because that's 90 percent sitting and I was hoping that I'd be able to do it."  AR 57.  She "was unable to find any position . . . that I could get into;" employers found her to be overqualified.  *Id.* At the hearing, Curtis acknowledged that she had problems since 2009 but it has "gradually gotten worse."  AR 55.  As of the date of the hearing, December 2, 2014, sitting for a prolonged period of time was very difficult.  AR 58.

On August 4, 2014, Dr. Kanner, an examining phsyician, noted that Curtis had difficulty getting in and out of the chair, and one and off the examination table. Her gait was markedly abnormal. Curtis had no tenderness or muscle spasm of the lumbar spine, but she had reduced range of motion. AR 383-86. Dr. Kanner limited Curtis to sedentary work, which involves lifting no more than 10 pounds at a time. 20 C.F.R. § 404.1567(a); AR 387. The ALJ discounted this opinion because it was inconsistent with Curtis' normal examination on November 22, 2013. AR 41, 403. This reason is not supported by substantial evidence. The progress note on November 22, 2013 was brief, conclusory and reflected a one-time visit based on a complaint of hand pain. The "normal" finding was for general, lungs and cardiovascular. AR 403.

The ALJ relied on Dr. Bernabe's examination on August 1, 2014. Dr. Bernabe observed Curtis walk without a cane. Curtis' cervical spine exhibited no tenderness, spasm or muscle atrophy, and she had normal range of motion. However, Curtis had tenderness at the lumbosacral junction, bilateral paravertebral spasm and reduced range of motion. AR 375. Dr. Bernabe limited Curtis to light work. AR 377.

Even assuming that Curtis exhibited improvement on August 1, 2014, periods of improvement must be analyzed in the context of a claimant's treatment history. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). The fact that Curtis may have occasional good days does not necessarily mean that she can maintain full time employment on a sustained basis for the period beginning October 1, 2013. *Ryan v. Comm'r*, 528 F.3d 1194, 1201 (9th Cir. 2008); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998). Remand is appropriate.[4]

**D.     Relief**

The decision whether to remand for further proceedings is within the discretion of the district court. *Treichler v. Comm'r*, 775 F.3d 1090, 1099 (9th Cir. 2014). When

---

[4] Because this matter is being remanded for reconsideration of Dr. Proshkina's opinion during the period beginning October 1, 2013, the ALJ is free to reconsider Curtis' credibility during this later period.

there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1101. However, where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.*

Remand is appropriate because there are outstanding issues to be resolved before a determination can be made and it is not clear from the record that the ALJ would be required to find Curtis disabled if the evidence, including the opinion of Dr. Proshkina, were to be properly evaluated.

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for reconsideration of Dr. Proshkina's opinions for the period beginning October 1, 2013.

DATED: April 26, 2017

_____
ALICIA G. ROSENBERG
United States Magistrate Judge